IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL RUSH,

    Plaintiff,

v.

RALPH HORNE, et al.,

    Defendants.

Hon. Dennis M. Cavanaugh, U.S.D.J.

Civil Action No.: 09-CV-2439 (DMC-JAD)

OPINION

**DICKSON, U.S.M.J.**

This matter comes before the court upon application by *pro se* Plaintiff Michael Rush ("Plaintiff") for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1). After carefully considering the Plaintiff's submissions, and based upon the following, it is the finding of the court that Plaintiff's application is **denied**.

I.     BACKGROUND[1]

Plaintiff Michael Rush alleges that on August 27, 2008, while he was confined at Talbot Hall in a community release program, he was left in the holding area for several hours by Defendant Keith Hooper, ("Hooper") the Supervisor of Operations at Talbot Hall, and was told by Hooper that Hooper was taking the mother of Plaintiff's child off Plaintiff's visit list and that Plaintiff was not to have any contact with her. Plaintiff questioned why, but Hooper refused to tell him. The next day, Defendants Hooper and Leonard W. Randolph, Jr. ("Randolph"), the principal S.I.D. Investigator employed at Talbot Hall, called Plaintiff down to ask Plaintiff why he

---

[1] For purposes of this motion, the Court adopts the recitation of facts set forth in Judge Cavanaugh's December 29, 2010 Opinion. (ECF No. 10)

1

contacted his child's mother, or why he had someone else contact her. Plaintiff responded that he did not understand what was going on, and he alleges that Defendants Hooper and Randolph directed him to go to the holding area again.

Plaintiff alleges that he refused to go to the holding area, after which Hooper, Randolph, and Defendant Mr. Maurice Barnes ("Barnes"), another counselor, restrained Plaintiff, allegedly hitting and kicking him, causing him injuries to his lip and eye, and putting him in handcuffs. Plaintiff alleges that Defendants Counselors Ralph Horne ("Horne") and Bobby Anderson ("Anderson"), and Supervisor Laverne Eddington ("Eddington") also either participated in hitting him or failed to intervene to stop the alleged attack. Following the alleged attack, Plaintiff was placed in punitive segregation. Plaintiff does not state who made the decision to place him in segregation, nor does he describe the conditions there or the length of his confinement in segregation.

Plaintiff alleges that he asked the hearing officer to gather the tape recordings of Plaintiff's conversations with his child's mother to clear him of wrongdoing, but the hearing officer failed to do this. Plaintiff's request for an appeal was allegedly ignored. Plaintiff does not describe the charge against him or the sanction, if any, imposed as a result of the disciplinary hearing.

Plaintiff further alleges that on August 28, 2008, he requested to be taken to an outside hospital for treatment of his injuries, but he was instead taken to the medical office at the institution.

Plaintiff challenges the use of force against him and the denial of medical care. Plaintiff also alleges that Defendants Hooper and Randolph failed to take disciplinary action to curb the

2

known pattern of abuse of inmates by themselves as well as Horne, Barnes, Anderson and Eddington.

Plaintiff's complaint was reviewed by the Court in order to determine whether the complaint should be dismissed, *sua sponte*, as frivolous, malicious, for failure to state a claim upon which relief could be granted, or because it seeks monetary relief for a defendant who is immune from such relief. *Rush v. Horne*, No. 09-2439, slip. op. at 1-2 (D. N.J. Dec. 29, 2010).

The Court dismissed Plaintiff's § 1983 claim to the extent that Plaintiff sought to impose vicarious liability upon Defendants Hooper and Randolph for the actions of Defendants Horne, Barnes, Anderson and Eddington because local government units and supervisors are not liable under § 1983 solely on a theory of *respondeat superior*. *Id.* at 12. Plaintiff's allegation that he should have been taken to a hospital for treatment of his injuries was dismissed with prejudice because Plaintiff failed to demonstrate that he required hospitalization, or that the local facilities were not sufficient to tend to his injuries. *Id.* at 17. Additionally, Plaintiff's "failure to supervise" claim was also dismissed with prejudice because his allegation of a "pattern" was conclusory and insufficient to suggest that training was inadequate. *Id.* at 18. Furthermore, Plaintiff's Due Process claim was dismissed because Plaintiff failed to allege any facts suggesting that he suffered "atypical and significant hardship." *Id.* at 22.

Consequently, the Court permitted Plaintiff to proceed only with respect to his claims for excessive use of force in violation of the Eighth Amendment and for the state law tort of assault. *Id.* at 22-23.

## II. LEGAL STANDARD

The Third Circuit has established specific guidelines for determining whether the appointment of pro bono counsel is warranted. *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993).

Once a court has determined, as a threshold matter, that the applicant's claim has merit in law and fact, the court should move on to consider the additional factors set forth in *Tabron*. *Id.* at 155. In evaluating an application under *Tabron*, the court must determine whether:

(1) the *pro se* party lacks the ability to present an effective case without an attorney;
(2) the legal issues are complex, or the ultimate legal issues are not complex, but the pro se party lacks the familiarity with the rules of evidence and discovery needed to translate understanding of the law into presentations of the proofs;
(3) factual investigation will be necessary and the party is not adequately able to pursue said investigation;
(4) the case is likely to turn on credibility determinations;
(5) the case will require expert testimony; and
(6) the party is unable to attain and afford counsel on his/her own behalf. *Tabron*, 6 F.3d at 155-56.

### III.  ANALYSIS

Plaintiff seeks *pro bono* counsel in connection with his claims alleging excessive force in violation of the Eighth Amendment and assault in violation of state tort law. In order for the *Tabron* factors to be applicable, Plaintiff's claims must have merit in law and fact. The Court finds that this threshold inquiry of the *Tabron* test has been met, as the Court has decided that these claims have sufficient merit to survive a motion to dismiss. *Rush v. Horne*, No. 09-2439, slip. op. at 22-23 (D. N.J. Dec. 29, 2010).

Next, the court must determine whether the *pro se* Plaintiff lacks the ability to present his case without an attorney. Plaintiff states in his application that he has "no idea how to litigate" his claim, demonstrating that he considers himself unable to proceed without legal assistance. However, Plaintiff's amended complaint demonstrates that he is literate and is able to present a relatively coherent understanding of the laws as related to the facts of his case.

In determining whether the appointment of *pro bono* counsel is warranted, the court must also look to the complexity of the issues presented. Plaintiff's only remaining claims consists of excessive force in violation of the Eighth Amendment, and civil assault. These legal issues are

fairly simple. To demonstrate excessive force, Plaintiff need only show that force was applied not in a "good faith effort to maintain or restore discipline," but "maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) citing *Whitley v. Albers*, 475 U.S. 312 (1986). To demonstrate that he was the victim of a civil assault, Plaintiff need only show that the officers attempted to touch or strike him with unlawful force or violence. New Jersey Civil Model Jury Charges, N.J. CV JI 3.10 (2009).

Furthermore, the court must evaluate the necessity of a factual investigation and the ability of the Plaintiff to pursue this investigation. Based on the simplicity of the legal issues at hand, there is no evidence that the Plaintiff would be unable to conduct a basic factual investigation in support of his case.

The court must also look to the potential necessity of an expert witness for the purposes of presenting Plaintiff's case. Here, Plaintiff has not demonstrated that expert testimony will be necessary. Plaintiff does not allege that he suffered significant or permanent injuries that would require expert testimony to assess the extent and/or degree of the injuries; rather, Plaintiff alleges that he suffered a "busted" lip and eye. In addition, the Court held that Plaintiff failed to demonstrate that the alleged injuries to his lip and eye, sustained in 2008, were serious enough to warrant treatment at a hospital. *Rush v. Horne*, No. 09-2439, slip. op. at 17 (D. N.J. Dec. 29, 2010). As such, due to the relatively minor nature of these alleged injuries, expert witness testimony likely will not be required in order for Plaintiff to present his case.

Finally, the court must consider Plaintiff's ability to attain and afford counsel on his own behalf. Plaintiff's application to proceed *in forma pauperis* was granted by the Court, and Plaintiff claims that he is "indigent" and has no friends or relatives who would be able to help

5

him pay for legal assistance. Notwithstanding, Plaintiff has not demonstrated that he requires counsel at this time to present his case effectively.

Based on a review of Plaintiff's complaint and application for pro bono counsel, this Court finds that the appointment of pro bono counsel is not appropriate at this time.

### IV. CONCLUSION

For the reasons stated, it is the finding of this Court that Plaintiff's application for appointment of pro bono counsel is denied. An appropriate order accompanies this Opinion.

_____
JOSEPH A. DICKSON, U.S.M.J.


cc:   Hon. Dennis M. Cavanaugh, U.S.D.J.